IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

**UNITED STATES OF AMERICA**

v.                                              CRIMINAL NO. 2:17-cr-00125

**ANTOINE E. SKAFF**

### SENTENCING MEMORANDUM OF THE UNITED STATES

Pursuant to this Court's Order entered on August 21, 2017, the United States offers this Sentencing Memorandum outlining its position regarding the presentence report (PSR) and the appropriate sentence in this case.

**I.   ADVISORY GUIDELINES**

The parties and the United States Probation Officer are in agreement that the total offense level applicable to the defendant is 21 and that the defendant's criminal history category is I, yielding a guideline range of 37-46 months. See PSR ¶135.

**II.  18 U.S.C. § 3553(a) FACTORS**

A sentence within the properly calculated guideline range of 37-46 months is reasonable and appropriate in this case. The factors in 18 U.S.C. § 3553(a) support such a sentence.

   **A.   18 U.S.C. § 3553(a)(1):** The nature and circumstances of the offense of conviction in this case are serious, and the defendant's history and characteristics support the imposition of a guideline range sentence of imprisonment.

Dr. Skaff is a highly educated, successful resident of Charleston, West Virginia. He is a dentist, an engineer, a business owner, and a property owner. Yet, even though the defendant was financially secure, from 2011 through 2016, he systematically defrauded Medicaid and its Managed Care Organizations ("MCOs") out of hundreds of thousands of dollars.

Initially, his scheme appeared simple. The defendant billed Medicaid and its MCOs for performing a tooth extraction procedure which was more complex, with a higher rate of reimbursement, than the basic extraction procedure he actually performed. In 2014, Dr. Skaff expanded his scheme after discovering an additional way to deceive the public health program. He began billing Medicaid MCOs for the removal of teeth he had already extracted, and for which he already had been paid by Medicaid.

The defendant notes that he freely accepted Medicaid patients, and that those patients tend to be underserved. PSR at 50. Dr. Skaff's care for Medicaid patients illegally profited him over $700,000, at the expense of West Virginia Medicaid, a publically funded program charged with providing access to health care for qualified, lower-income individuals. Furthermore, money drove the defendant's choices in his dental office, sometimes even over patient safety. See PSR ¶¶35, 88, 102-104.

When an auditor for Medicaid's MCOs requested to review patient charts, as suspicions arose regarding the defendant's billing

2

practices, the defendant attempted to hide his fraud as it related to one patient by modifying a patient intake sheet and changing the patient's dental chart. PSR at 6.

    **B.**   **18 U.S.C. § 3553(a)(2)(A through D):** A guideline sentence in this case will reflect the seriousness of the offense, promote respect for the law, and will provide just punishment for the offense. Medical practitioners who submit claims to Medicaid, and Medicaid-related organizations, stand in a position of trust both to their patients and to Medicaid. Medicaid relies on its enrolled practitioners to be accurate and truthful when submitting their claims.

    A sentence within the advisory guideline range, particularly in combination with the $1,470,154 fine recommended by Probation, will provide adequate deterrence to other practitioners seeking to defraud Medicaid in exchange for personal wealth. See PSR ¶¶142(d), 145. Should the Court impose the recommended fine on the defendant, the United States respectfully requests that the fine be payable immediately.

    **C.**   **18 U.S.C. § 3553(a)(3):** The defendant faces a statutory maximum of 10 years. A sentence of imprisonment within the guideline range is within the statutory maximum and is sufficient but not greater than necessary to meet the statutory sentencing goals.

    **D.**   **18 U.S.C. § 3553(a)(4)(A through B):** The United States again argues a guideline sentence is reasonable in this case.

**E.     18 U.S.C. § 3553(a)(5):** A sentence within the guideline range necessarily complies with the applicable guideline policy statements.

**F.     18 U.S.C. § 3553(a)(6):** A guideline range sentence of imprisonment will avoid sentencing disparities with similarly situated defendants.

**G.     18 U.S.C. § 3553(a)(7):** The United States and the defendant have agreed that the defendant owes $735,077 in restitution, which was satisfied by a payment of $2.2 million to the United States in a civil settlement.  See PSR ¶¶149-153; 18 U.S.C. § 3663(j)(2)(A).

**III. WITNESSES AT SENTENCING**

The United States has no factual objections to the Presentence Report that relate to the calculation of the defendant's guidelines. Furthermore, the United States has no factual objections to other matters in the PSR that have not been resolved or explained within the addendum to the PSR. The United States does not intend to call any witnesses at sentencing.

As this Court is aware, the defendant generally objects to the inclusion of evidence generated from a DEA investigation, and a following Board of Dentistry investigation, into his prescribing practices. After the DEA began examining his prescribing practices, the Board of Dentistry and experts retained by that Board scrutinized the defendant's prescriptions and patient charts.  To

4

the extent that the defendant argues that the DEA investigation and the following Board investigation lacks indicia of reliability, the Consent Decree entered into by the defendant and his licensure counsel substantiates the information relating to the defendant's prescribing practices.[1] See USSG §6A1.3 (comment); PSR ¶¶96-97. While the defendant's prescribing practices and findings by Board of Dentistry experts are proper for the Court to consider at sentencing, see 18 U.S.C. §§ 3553, 3661, the United States does not intend to call any witnesses relating to the defendant's prescribing practices.

    The United States anticipates that the hearing will last approximately 30 minutes.

---

[1] Defendant's consent decree noted that that he disputes some of the allegations contained within the document.

**IV. <u>CONCLUSION</u>**

For the foregoing reasons, the United States respectfully requests that the Court impose a sentence within the guideline range of 37-46 months.

                                      Respectfully submitted,

                                      CAROL A. CASTO
                                      United States Attorney

By:
                                      <u>s/Meredith George Thomas</u>
                                      MEREDITH GEORGE THOMAS
                                      Assistant United States Attorney
                                      WV State Bar No. 10596
                                      300 Virginia Street, East
                                      Room 4000
                                      Charleston, WV  25301
                                      Telephone:  304-345-2200
                                      Fax:  304-347-5104
                                      E-mail: <u>meredith.thomas@usdoj.gov</u>

**CERTIFICATE OF SERVICE**

It is hereby certified that the foregoing "SENTENCING MEMORANDUM OF THE UNITED STATES" has been electronically filed and service has been made on opposing counsel by virtue of such electronic filing this 27th day of November, 2017:

>Steven R. Ruby
>Bailey Glasser LLP
>209 Capitol Street
>Charleston, West Virginia 25301
>E-mail: sruby@baileyglasser.com

>>s/Meredith George Thomas
>>MEREDITH GEORGE THOMAS
>>Assistant United States Attorney
>>WV State Bar No. 10596
>>300 Virginia Street, East
>>Room 4000
>>Charleston, WV  25301
>>Telephone:  304-345-2200
>>Fax:  304-347-5104
>>E-mail: meredith.thomas@usdoj.gov